KAHN, Judge.
Appellant, the Department of Health and Rehabilitation Services, on behalf of Kay S. Broadhead, appeals from an order denying a petition for contempt to enforce child support arrears. We reverse the trial court’s order.
On November 17, 1974 in Sumter County, Alabama, appellee Charles F. Broadhead was divorced from Kay S. Broadhead. They were the parents of two children, a son born December 7, 1962 and a daughter born July 3, 1970. On December 23, 1988, the circuit court in Bay County, Florida found a substantial change in circumstances since entry of the Alabama decree and increased appel-lee’s child support from $75 to $250. The court also established child support arrearag-es of $10,000.00 and entered a judgment in that amount against appellee and in favor of the former wife. Appellee paid the increased child support until the youngest child reached majority but failed to make any payment on the arrearages. On January 4, 1989, the court entered an order finding that appellee’s failure to pay support was not willful and that appellee was not in contempt of court. On February 24, 1989, the court set aside and vacated the order. The court found the December 23, 1988 order and final judgment remained in full force and effect.
HRS, on behalf of Kay Broadhead, sought enforcement of the arrearages judgment. The court ordered appellee to show cause why he should not be found in contempt of court for failure to pay the judgment for child support arrearages. At the hearing, no evidence was presented. Appellant simply requested enforcement of the judgment.
The trial court, relying upon the December 1989 order, reasoned that since Mr. Broad-head was not in contempt in 1989, “this court can’t come back and say he is in contempt of court on that $10,000.” In response to HRS’ arguments, the judge stated, ‘What you’re asking me to do is be an appellate judge and reverse (the 1989) order on the $10,000 ar-rearage ... A final judgement was given. There are various methods that she has to go and collect on that final judgment....” The judge entered an order denying the Petition for Contempt. We reverse and remand for further proceedings.
Contempt proceedings are proper means to enforce compliance with a final judgment of child support arrearages. Gibson v. Bennett, 561 So.2d 565 (Fla.1990). The trial court improperly barred the 1992 contempt action based on a 1989 order finding Mr. Broadhead not in contempt. A prior determination of contempt does not preclude subsequent actions based upon continuous subsequent violations. Each contempt determination must be independently based upon the willful failure and present ability to pay. Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). Certain presumptions aid in these determinations. Id. The 1989 order did not bar the contempt remedy.
In Gibson, the supreme court held the remedy of contempt for child support arrearages is available both before and after the emancipation of the child. Contrary to appellee’s argument, prima facie ability to pay has been established. The ability to pay *1272 is based on a former order of support. Bowen, supra at 1278-1279. The court in Bowen held that the defaulting party has the burden to come forward with evidence to dispel the presumption that he had the ability to pay and has willfully disobeyed the court order. The court explained that the initial judicial order is predicated upon an affirmative finding that the party has the ability to pay. This initial judicial determination creates a presumption that there is an ability to pay. The movant in a contempt proceeding for failure to pay child support must only show that a prior court order directing the party to pay the support was entered and that the party in default has failed to make the ordered payments. The burden of producing evidence then shifts to the defaulting party who must dispel the presumption of ability to pay by demonstrating that due to circumstances beyond his control which intervened since the time of the order directing him to pay was entered, he no longer has the ability to meet his support obligations. Bowen, 471 So.2d at 1278.
Since appellants properly relied upon the presumption to show ability to pay, and nonpayment was not contested, the burden shifted to appellee to dispel the presumption. Appellee made no such showing.
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH and MINER, JJ., concur.